## Buchman Tax Assessment Case.

Argued November 9, 1948, Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Wm. M. Kahanowitz,* with him *R. Herbert Buchman,* for appellant.

*R. Carlyle Fee,* with him *Peelor, Serene & Fee,* for appellee.

OPINION BY ARNOLD, J., January 14, 1949:

This appeal is from the 1947 county assessment of appellant's real estate in the Borough of Blairsville.

The assessor fixed the value of the buildings at $54,000 and the land at $6,000, or a total of $60,000. The Board of Assessment and Revision of Taxes fixed the value of the buildings at $44,000 and the land at $6,000, or a total of $50,000. The common pleas sustained the board and this appeal followed.

While the weight of the evidence is before us, yet the findings of the court below will not be disturbed except for clear error in the ultimate conclusions: *Philadelphia and Reading Coal and Iron Company v. Commissioners of Northumberland County,* 323 Pa. 185, 186 A. 105.

Appellant produced absolutely no evidence of a fixed ratio of assessment of lands to market value, uniformly applied throughout the taxing district; and therefore the only question is whether the assessment of $50,000 is in excess of the actual value of the real estate: *Phinney et ux. v. Board of Revision of Taxes and Appeals,* 161 Pa. Superior Ct. 101, 53 A. 2d 889. The real estate had been owned and operated as a bank. This institution failed and appellant bought the real estate at the re-

ceiver's public sale on June 30, 1942, for $37,600.[1] We have taken this fact into consideration but it is not conclusive. The land is 60 x 150 feet, on which a modern bank building of Indiana limestone was constructed in 1925 at a cost of approximately $500,000. The banking room is of a height equivalent to three stories and has several private offices, directors' rooms and vault spaces. Above the banking room is a floor of offices extending around all four sides, with an open court in the center. Stairs and an electric elevator provide access thereto. At the rear of the large building is a one-story annex 20 x 60 feet. The buildings are in good condition. For five or six months after the appellant bought the property the real estate was occupied by another bank at a rental unstated by the appellant. From January, 1943, the premises were vacant until about November, 1946, when they were rented and produced $7,800 per annum.

The propriety of the court's opinion and decision is apparent when we consider that the $7,800 annual rental was received by the appellant all through the year 1947 and apparently throughout 1948, at least to the date of argument of this appeal on November 9. If this rental be capitalized at 10% the actual value of the property is $78,000. On the basis of the 1947 assessment of $50,000, the gross income produced is in excess of 15%. On the basis of appellant's contention that the property is not worth more than $35,000, the gross return is in excess of 22%.

From the force of this the appellant seeks to escape by alleging that the premises are rented to a school for teaching veterans automobile repairing, and that the tenancy is "precarious," and "may not last very long"; and "it can be readily assumed that when this particular tenancy terminates [the premises will again be vacant.]" All these contingencies must be translated into actuali-

---

[1] The price included a small amount of personal property of unstated value.

ties before the assessment, under the evidence here, should be disturbed.

Under §601 of The Fourth to Eighth Class County Assessment Law of 1943, P. L. 571 (72 PS §5453.601 et seq.) triennial assessments are abolished and annual assessments provided. If and when vacancy occurs the assessment can be reduced. The appellant was not entitled to have it reduced for the year 1947 in the light of the evidence.

Appellee's opinion evidence fixed the actual value at $60,000. Opinion evidence of the appellant fixed it at from $30,000 to $35,000, but took into consideration "its functional use for banking purposes," and indicated that the building cannot likely be rented again. But if it be true that the real estate in the future would neither be used nor rented, the appellant's experts were wrong in assigning a value in excess of the land alone, plus the salvage value of the demolished building.

The inequality between appellant's assessment and that of other comparable real estate must be corrected by the Board of Assessment and Revision of Taxes.

Order affirmed.